UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **BRIEN CROSBY AND ALICIA CROSBY** | § § § | **CIVIL ACTION NO:** |
| *Plaintiffs* | § § | |
| v. | § § | |
| **KEYSTONE RV COMPANY** | § § § | |
| *Defendant* | § | **JURY TRIAL REQUESTED** |

## COMPLAINT

### I. Parties

1. Plaintiffs, BRIEN CROSBY and ALICIA CROSBY, are individuals that are now and have been at all times citizens of state of New Jersey.

2. Defendant, KEYSTONE RV COMPANY, hereinafter "KEYSTONE," is a citizen of the state of Indiana with its principal place of business in the state of Indiana and is a final stage recreational vehicle assembler and engages in the assembly and sale of recreational vehicles.

KEYSTONE's agent for service of process is David G. Thomas, 2642 Hackberry Drive, Goshen, Indiana 46526.

### II. Jurisdiction

3. This court has jurisdiction over this lawsuit because the suit arises under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d).

This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiffs's

state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III. Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV. Conditions Precedent

5. All conditions precedents have been performed or have occurred.

### V. Facts

#### A. The Transaction

6. On or about April 07, 2023, Plaintiffs purchased a new 2022 KEYSTONE RAPTOR bearing VIN: 4YDFRPT24NR800713, hereinafter "RAPTOR," from CAMPING WORLD RV SALES.

The "RAPTOR" was purchased primarily for Plaintiffs's personal use. The sales contract was presented to Plaintiffs at the dealership and was executed at the dealership.

7. The sales price of the RAPTOR was $91,439.39. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law. See **_Hughes v. Segal Enterprises, Inc._, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); _Chariton Vet Supply, Inc. v. Moberly Motors Co._, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

#### B. Implied Warranties

8. As a result of the sale of the RAPTOR by Defendant to Plaintiffs, an implied warranty

of merchantability arose in the transaction which included the guarantee that the RAPTOR would pass without objection in the trade under the contract description, and that the RAPTOR was fit for the ordinary purpose for which such motor vehicles are purchased.

9.      Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant. Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C.    Express Warranties

10.     In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the RAPTOR, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the RAPTOR had, in fact, repaired the defects.

11.     Plaintiffs's purchase of the RAPTOR was accompanied by express warranties offered by the Defendant and extending to Plaintiffs. These warranties were part of the basis of the bargain of Plaintiffs's contract for purchase of the RAPTOR.

12.     The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the KEYSTONE's warranty booklet and owners manual. Also, the Defendant, KEYSTONE, continued to agree to extended its express warranty with the Plaintiffs to cover defects that were discovered and tendered for repairs during the original factory warranty.

### D.    Actionable Conduct

13.     In fact, when delivered, the RAPTOR was defective in materials and workmanship,

with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to:

      A.    **SLIDE OUT DEFECTS, NON-CONFORMITIES AND CONDITIONS;**

      B.    **ELECTRICAL PANEL DEFECTS, NON-CONFORMITIES AND CONDITIONS;**

      C.    **GENERATOR DEFECTS, NON-CONFORMITIES AND CONDITIONS; AND**

      D.    **ANY OTHER DEFECTS OR NON-CONFORMITIES OUTLINED IN THE REPAIR ORDERS.**

**THE RAPTOR HAS BEEN OUT OF SERVICE FOR OVER 150 DAYS.**

14.    Since purchase, Plaintiffs have returned their RAPTOR to the Defendant and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant were given the opportunity to repair the RAPTOR, the more significant and dangerous defects were not repaired. Defendant failed to repair the subject vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the RAPTOR, continues to this day to exhibit some or all of the non-conformities and/or defects described herein.

15.    The defects experienced by Plaintiffs with the RAPTOR substantially impaired its use, value and safety.

16.    Plaintiffs directly notified the Defendant of the defective conditions of the RAPTOR on numerous occasions. Plaintiffs notified the Defendant, KEYSTONE that he wanted a rescission of the sale of the RAPTOR but the Defendant has failed and refused to buy back Plaintiffs's defective RAPTOR.

## VI. Causes of Action

**COUNT 1: VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

17. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

18. Plaintiffs are a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

19. Defendant is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

20. The RAPTOR is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiffs in fact purchased it wholly or primarily for personal use.

21. The express warranties more fully described herein above pertaining to the RAPTOR, is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

22. The actions of the Defendant as herein above described, in failing to tender the RAPTOR to Plaintiffs free of defects and/or refusing to repair and/or replace the defective RAPTOR tendered to Plaintiffs constitute a breach of the written and implied warranties covering the RAPTOR and hence a violation of the Magnuson-Moss Warranty Act.

23. Plaintiffs have performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

24. As a direct and proximate result of the acts and omissions of Defendant and each of them as set forth herein above, Plaintiffs have been damaged herein above in an amount in excess of $500,000.00 according to proof at trial.

25. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

## COUNT 2: BREACH OF EXPRESS WARRANTIES

26. Plaintiffs re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

27. Th Defendant's advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiffs's RAPTOR or those similarly situated were free from inherent risk of failure or latent defects. In addition, the Defendant issued an expressed written warranty which covered the RAPTOR and warranted that the RAPTOR, was free of defects in materials and work quality at the time of delivery.

28. As alleged above, the Defendant breached its warranties by offering for sale and selling as safe to Plaintiffs a RAPTOR that was latently defective, unsafe, and likely to cause economic loss to Plaintiffs.

29. In breach of the foregoing warranties, the Defendant has failed to correct said defects.

30. The damages Plaintiffs have suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**COUNT 3:   BREACH OF IMPLIED WARRANTIES**

31. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

32. The Defendant impliedly warranted that Plaintiffs's RAPTOR which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

33. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects existed and might not be discovered, if at all, until the RAPTOR, had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects from Plaintiffs.

34. Because of the defects, Plaintiffs' RAPTOR is unsafe and unfit for use and has caused economic loss to the Plaintiffs. Therefore, the Defendant breached the implied warranty of merchantability.

35. The damages Plaintiffs have suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**VII.   Economic and Actual Damages**

36. Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

    a.. Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

      b.     Loss of use;

      c.     Loss of the "benefit of the bargain";

      d.     Diminished or reduced market value; and

      e.     Costs of repairs.

### VIII. Attorney Fees and Costs

37.    Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

### IX. Prayer

38.    For these reasons, Plaintiffs pray for judgment against the Defendant for the following:

      a.     For general, special and actual damages according to proof at trial;

      b.     Rescinding the sale of the 2022 KEYSTONE RAPTOR bearing VIN: 4YDFRPT24NR800713 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

      c.     For incidental and consequential damages according to proof at trial;

      d.     Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

      e.     Any diminution in value of the RAPTOR, attributable to the defects;

      f.     Past and future economic losses;

      g.     Prejudgment and post-judgment interest;

  h. Damages for loss of use of vehicle;

  i. Civil Penalties and/or Punitive damages;

  j. Damages for mental anguish;

  k. Attorney fees;

  l. Costs of suit, expert fees and litigation expenses; and

  m. All other relief this Honorable Court deems appropriate.

## XII. Demand for Jury Trial

39. Plaintiffs hereby demands a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFFS